# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# CASE NO. 3:22-CV-505-FDW-DCK

| | |
|---|---|
| **DYANIE BERMEO,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) **ORDER** |
| | ) |
| **BLAKE ANDIS, SCOTT SNAPP, JAMIE BLEVINS, SCOTT ADKINS, and BRAD ROOP,** | ) |
| | ) |
| **Defendants.** | ) |
| | ) |

**THIS MATTER IS BEFORE THE COURT** on "Plaintiff's Alternative Motion For Jurisdictional Discovery Or Venue Transfer" (Document No. 18) filed November 10, 2022, and "Defendants' Motion To Dismiss For Lack Of Personal Jurisdiction And Improper Venue" (Document No. 12) filed October 31, 2022. These motions have been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b), and immediate review is appropriate. Having carefully considered the motion and the record, the undersigned will grant the motion for jurisdictional discovery, and, in consultation with Judge Whitney's chambers, deny the motion to dismiss as moot.

## BACKGROUND

Plaintiff Dyanie Bermeo ("Plaintiff" or "Bermeo") filed her original "Complaint" (Document No. 1) on September 27, 2022. On October 6, 2022, Plaintiff filed her "Amended Complaint" against Defendants Blake Andis, Scott Snapp, Jamie Blevins, Scott Adkins, and Brad Roop. "Defendants' Motion To Dismiss For Lack Of Personal Jurisdiction And Improper Venue" (Document No. 12) was filed October 31, 2022. On November 10, 2022, Plaintiff responded with

"Plaintiff's Opposition To Defendants' Motion To Dismiss For Lack Of Personal Jurisdiction And Improper Venue" (Document No. 17) and simultaneously filed the instant "Plaintiff's Alternative Motion For Jurisdictional Discovery Or Venue Transfer" (Document No. 18). "Defendants' Response To Plaintiff's Motion For Jurisdictional Discovery Or Venue Transfer" (Document No. 19) was filed November 17, 2022. "Plaintiff's Reply Memorandum In Support Of Alternative Motion For Jurisdictional Discovery Or Venue Transfer" (Document No. 22) was filed November 21, 2022.

Plaintiff alleges in her Amended Complaint that she "was sexually assaulted during an illegal traffic stop in Abingdon, Virginia on September 29, 2020." (Document No. 4, p. 1). Plaintiff is "a 23-year-old Hispanic woman from Charlotte North Carolina," and at the time of the stop, she "was a 21-year-old" college student. Id. The following day, she "reported the sexual assault to local law enforcement in Washington County Virginia." Id. at p. 2. "After a brief investigation, Defendants from the Washington County Sheriff's Office found no evidence that the stop occurred and determined Plaintiff was lying." Id. She was eventually arrested "for falsely reporting a crime with the intent to mislead law enforcement," following which she was tried and acquitted. Id. During the investigation, Plaintiff alleges that Defendants "create[d] a public Facebook post defaming Plaintiff for lying to law enforcement about being sexually assaulted…disclos[ing] Plaintiff's full name, University, and the name of her residential neighborhood in Charlotte, North Carolina." Id. at p. 16. Allegedly, the "Charlotte Observer…reported on Defendants' Facebook post, thereby perpetuating the defamation." Id.

## STANDARDS OF REVIEW

A party invoking federal court jurisdiction has the burden of establishing that personal jurisdiction exists over the defendant. New Wellington Fin. Corp. v. Flagship Resort Dev. Corp.,

416 F.3d 290, 294 (4th Cir. 2005); Combs v. Bakker, 886 F.2d 673, 676 (1989).  "[T]he party asserting jurisdiction need only make a prima facie showing that jurisdiction exists" when the court decides a motion to dismiss…"only on the written submissions of the parties." Barclays Leasing, Inc. v. Nat'l Bus. Sys., Inc., 750 F. Supp. 184, 186 (W.D.N.C. 1990).  "Mere allegations of in personam jurisdiction are sufficient for a party to make a prima facie showing." Id.

Pursuant to Rule 26 of the Federal Rules of Civil Procedure,

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense…[and f]or good cause, the court may order discovery of any matter relevant to the subject matter involved in the action.

US Airline Pilots Ass'n v. Velez, 3:14-CV-577-RJC-DCK, 2015 WL 3506052, at *2 (W.D.N.C. Apr. 2, 2015) (citing Fed.R.Civ.P. 26(b)(1)).

"District Courts are granted broad discretion in resolving discovery issues pending before them." Celgard, LLC v. Shenzhen Senior Tech. Material Co. Ltd., 3:20-CV-130-GCM, 2021 WL 232130, at *1 (W.D.N.C. Jan. 22, 2021) (citing Mylan Labs, Inc. v. Akzo, N.V., 2 F.3d 56, 64 (4th Cir. 1993)).  "Such discretion extends to deciding issues of whether to grant early or additional discovery in disputes regarding personal jurisdiction." Id.

## DISCUSSION

After careful consideration of the motion and the record, the undersigned finds good cause to allow jurisdictional discovery.  This matter is still in the earliest stages of litigation – no initial attorneys' conference has been conducted and no discovery has been exchanged.  The undersigned is particularly mindful of the Supreme Court's directive that the discovery rules are to be accorded "broad and liberal" construction. Herbert v. Lando, 441 U.S. 153, 177 (1979).  Case law suggests that where a plaintiff "can show that discovery is necessary in order to meet defendant's challenge to personal jurisdiction, a court should ordinarily permit discovery on that issue unless plaintiff's

3

claim appears to be clearly frivolous." Celgard, LLC, 2021 WL 232130, at *1 (quoting Rich v. KIS Cal., Inc., 121 F.R.D. 254, 259 (M.D.N.C. 1988)); see also Mylan Labs, Inc., 2 F.3d at 64. Here, jurisdictional discovery will aid the Court in understanding whether it has personal jurisdiction over Defendants – it is not a mere "fishing expedition," as in some cases. Rich, 121 F.R.D. at 259.

**IT IS, THEREFORE, ORDERED** that "Plaintiff's Alternative Motion For Jurisdictional Discovery Or Venue Transfer" (Document No. 18) is **GRANTED** with respect to jurisdictional discovery. Plaintiff may submit up to ten (10) interrogatories and ten (10) requests for production of documents to each Defendant, and may notice depositions of each Defendant, all related to personal jurisdiction in this matter, on or before **February 21, 2023**. Limited jurisdictional discovery shall be completed on or before **April 7, 2023**.

**IT IS FURTHER ORDERED** that "Defendants' Motion To Dismiss For Lack Of Personal Jurisdiction And Improper Venue" (Document No. 12) is **DENIED as moot**, without prejudice to refiling such motion at the close of jurisdictional discovery, if appropriate.

**SO ORDERED**.  Signed: February 2, 2023

David C. Keesler
United States Magistrate Judge